UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

SCIONTI TROY HILL,

               Plaintiff,

v.                                         Case No. 3:22-cv-866-BJD-PDB

OFFICER PROCK et al.,

               Defendants.

_____

## ORDER

### I. Status

Plaintiff, Scionti Troy Hill, an inmate of the Florida Department of Corrections, is proceeding *pro se* and *in forma pauperis* on an Amended Complaint for the violation of civil rights under 42 U.S.C. § 1983 (Doc. 8; Am. Compl.). He names four Defendants for an Eighth Amendment violation, alleging Officers Prock and Tyrell R. used excessive force against him during a cell extraction on June 16, 2022, at Florida State Prison. *See* Am. Compl. at 3–5. The other two Defendants—officers Knight and Philbert—Plaintiff alleges saw what happened but "did nothing to stop it." *Id.* at 5. Defendants Knight and Philbert have answered the Amended Complaint (Docs. 19, 20), but Defendants Prock and Tyrell R. move to dismiss the claims against them for

Plaintiff's failure to exhaust his administrative remedies under the Prison Litigation Reform Act (PLRA) (Doc. 35; Def. Mot.).

Plaintiff was afforded an opportunity to respond to the motion. *See* Order (Doc. 36). He filed what purports to be a response (Doc. 37; Pl. Resp.), but he does not address Defendants' exhaustion argument. Rather, Plaintiff says he "simply [wants] to inform [the Court] what has taken place" that presumably has prevented him from filing a substantive response. *See* Pl. Resp. He suggests he has been having trouble receiving mail but acknowledges receipt of the Court's order advising him to respond to the Motion to Dismiss. *See id.* To the extent Plaintiff contends he has been the "victim of a crime" and asks the Court to advise him of the "next step to take," the Court construes Plaintiff's filing as one in opposition to the Motion to Dismiss. Additionally, given Defendants' sole argument is Plaintiff's failure to exhaust his administrative remedies and they rely (primarily) on the same grievance records Plaintiff filed with his Amended Complaint (Doc. 8-1), the Court can rule on the motion without additional briefing from Plaintiff.

Also before the Court is Plaintiff's motion for appointment of counsel (Doc. 38; Pl. Mot.), which the Court will address briefly before turning to the Motion to Dismiss. Plaintiff asks the Court to appoint him counsel under 28 U.S.C. § 1915(e)(1) because he is unable to afford counsel, has been granted

leave to proceed as a pauper, is a prisoner with limited access to materials, and would be disadvantaged if the case were to proceed to trial. *See* Pl. Mot. A court "may request an attorney to represent any person unable to afford counsel," but does not have to. *See* 28 U.S.C. § 1915(e)(1). Indeed, the statute's use of the word "may" connotes discretion. *See id. See also Bass v. Perrin*, 170 F.3d 1312, 1320 (11th Cir. 1999) ("A plaintiff in a civil case has no constitutional right to counsel.").

A court may appoint counsel in a civil case only in "exceptional circumstances." *Bass*, 170 F.3d at 1320. In determining whether to appoint counsel, a court may consider the type and complexity of the case, whether the plaintiff can adequately investigate and present his case, and whether the case will require skill in presenting evidence and in conducting cross-examination. *Ulmer v. Chancellor*, 691 F.2d 209, 213 (5th Cir. 1982) (cited with approval in *Smith v. Fla. Dep't of Corr.,* 713 F.3d 1059, 1065 n.11 (11th Cir. 2013)).

At this stage of the proceedings, the Court finds a request under § 1915(e)(1) for a lawyer to represent Plaintiff is not warranted. This case does not appear more complex than most civil rights cases litigated by prisoners who are untrained in the law and have limited resources available to them. Accordingly, the Court will deny Plaintiff's motion without prejudice. If the

circumstances of the case change significantly (for example, if the case proceeds to trial), the Court will reconsider the request.

## II. Exhaustion Analysis

The PLRA provides, "[n]o action shall be brought with respect to prison conditions . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion of available administrative remedies is "a precondition to an adjudication on the merits." *Bryant v. Rich*, 530 F.3d 1368, 1374 (11th Cir. 2008). Although "the PLRA exhaustion requirement is not jurisdictional[,]" *Woodford v. Ngo*, 548 U.S. 81, 101 (2006), "exhaustion is mandatory . . . and unexhausted claims cannot be brought," *Pavao v. Sims*, 679 F. App'x 819, 823 (11th Cir. 2017) (citing *Jones*, 549 U.S. at 211). However, prisoners need not affirmatively "demonstrate exhaustion in their complaints." *Jones v. Bock*, 549 U.S. 199, 216 (2007). Rather, because failure to exhaust is an affirmative defense, the defendant bears the burden. *Turner v. Burnside*, 541 F.3d 1077, 1082 (11th Cir. 2008).

Not only is there a recognized exhaustion requirement, "the PLRA . . . requires proper exhaustion" as set forth in applicable administrative rules and policies. *Woodford*, 548 U.S. at 93. As such, "[p]roper exhaustion demands compliance with the relevant agency's deadlines and other critical procedural rules[.]" *Id.* Generally, to properly exhaust administrative remedies, a Florida

4

prisoner must timely complete a three-step process as fully set forth in the Florida Administrative Code (FAC). *See* Fla. Admin. Code rr. 33-103.001 through 33-103.018. Except for specific, enumerated issues, a prisoner generally must initiate the grievance process at the first step by filing an informal grievance within "20 days of when the incident or action being grieved occurred." *See* Fla. Admin. Code rr. 33-103.005(1), 33-103.011(1)(a). If an informal grievance is denied, a prisoner must proceed to the second step of the process by filing a formal grievance at the institution within 15 days from "[t]he date on which the informal grievance was responded to." *See* Fla. Admin. Code rr. 33-103.006(1), 33-103.011(1)(b). The third and final step of the grievance process requires a prisoner to submit an appeal to the Office of the Secretary of the Florida Department of Corrections within 15 days "from the date the response to the formal grievance [was] returned to the inmate." *See* Fla. Admin. Code rr. 33-103.007(1), 33-103.011(1)(c).

When confronted with an exhaustion defense, courts in the Eleventh Circuit employ a two-step process:

> First, district courts look to the factual allegations in the motion to dismiss and those in the prisoner's response and accept the prisoner's view of the facts as true. . . . Second, if dismissal is not warranted on the prisoner's view of the facts, the court makes specific findings to resolve disputes of fact, and should dismiss if, based on those findings, defendants have shown a failure to exhaust.

5

*Whatley v. Warden, Ware State Prison*, 802 F.3d 1205, 1209 (11th Cir. 2015) (citing *Turner*, 541 F.3d at 1082-83).

Defendants argue Plaintiff did not exhaust his administrative remedies because he did not follow the three-step grievance process set forth in the FAC. *See* Def. Mot. at 1–3. They base their argument primarily on Plaintiff's allegations regarding his exhaustion efforts and the two informal grievances Plaintiff filed with his Amended Complaint, one of which was "returned" without action because Plaintiff filed it more than 20 days after the incident occurred, and one of which was "denied." *See id.* at 2–3. *See also* Doc. 8-1; Doc. 35-1. In addition, with their motion, Defendants provide another informal grievance Plaintiff filed on July 17, 2022, which was "returned" because Plaintiff's request was "previously addressed." *See* Doc. 35-2.

Defendants contend, "The record does not contain any evidence that Plaintiff submitted a formal grievance or an appeal related to the incident alleged in this action." Def. Mot. at 3. But the "record" to which they refer is incomplete: they refer solely to the two informal grievances Plaintiff filed with his Amended Complaint and the one they attach to their motion. *See id.* at 2–3, 7. They also point to Plaintiff's complaint allegations as proof that Plaintiff did not "pursue the subsequent steps of the grievance process." *Id.* at 7.

6

In his verified Amended Complaint, Plaintiff alleges he filed a grievance in which he complained that five officers "physically and sexually abused [him]" on June 17, 2022, but his "grievance was never returned[,] leading [him] to believe staff threw it away." *See* Am. Compl. at 7. He also alleges he filed a PREA[1] complaint. *Id.* Although Plaintiff does not say he took steps to follow up on his missing grievance or explain whether he satisfied the grievance process set forth in the FAC, he was not required to affirmatively "demonstrate exhaustion in [his] complaint[]." *Jones*, 549 U.S. at 216.

Defendants bear the burden to demonstrate Plaintiff did not exhaust his administrative remedies, but they do not offer the declaration of a grievance coordinator at the prison or the Office of the Secretary, nor do they provide copies of grievance logs for the relevant time. *See generally* Def. Mot. In other words, there is no "record" that Plaintiff did not file a formal grievance or a grievance appeal after his informal grievance was denied. The Court will not draw a negative inference based on the absence of allegations in Plaintiff's Amended Complaint when he was under no obligation to affirmatively demonstrate he exhausted his administrative remedies in accordance with the FAC. In the absence of evidence affirmatively demonstrating Plaintiff did not

---

[1] Prison Rape Elimination Act.

7

exhaust his administrative remedies, the Court cannot dismiss the claims against Defendants Prock and Tyrell R. on that basis.

Accordingly, it is now

**ORDERED**:

1.      Defendants Prock and Tyrell R.'s Motion to Dismiss (Doc. 35) is **DENIED**.

2.      Plaintiff's Motion to Appoint Counsel (Doc. 38) is **DENIED without prejudice**.

3.      Defendants Prock and Tyrell R. must answer the Amended Complaint (Doc. 8) within **twenty days** of the date of this Order.

**DONE AND ORDERED** at Jacksonville, Florida, this 29th day of August 2024.

_____
BRIAN J. DAVIS
United States District Judge


Jax-6
c:
Scionti Troy Hill
Counsel of Record